IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN SIMPSON, | ) |
| Plaintiff, | ) Case No. 17-cv-04165 |
| v. | ) |
| SAGGEZZA, INC., ARVIND KAPUR, individually, and SOCKALINGAM SUPPIAH, individually, | ) |
| Defendants. | ) |

**DEFENDANT'S MOTION FOR SANCTIONS**

The Defendants, Saggezza, Inc. ("Saggezza"), Arvind Kapur ("Mr. Kapur"), and Sockalingam Suppiah ("Mr. Suppiah") (collectively "the Defendants") by and through their counsel Jayaram Law Group, LTD., and pursuant to Rule 11 of the Federal Rules of Civil Procedure, moves for entry of an order of sanctions against the Plaintiff, Steven Simpson, ("Mr. Simpson" or the "Plaintiff"), and/or its counsel, and in support states as follows:

**I.    Introduction**

For the reasons that follow, the Defendants seek entry of an order sanctioning the Plaintiff and/or its attorney pursuant to Rule 11(c) by awarding the Defendants all of its attorneys' fees related to the filing of its claim for retaliatory discharge in violation of public policy as set forth in Count IV of the Plaintiff's Complaint (Doc. 1).

**II.    Legal Standard**

Pursuant to Rule 11, "[b]y presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that . . . it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or

needlessly increase the cost of litigation; [and that] the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b). "[T]he purpose of Rule 11 is to deter baseless filings in the district court." *Cooney v. Casady*, 735 F.3d 514, 523 (7th Cir. 2013) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990)). It "establishes an objective test, and as [courts] have repeatedly observed, an 'empty head but a pure heart is no defense.'" *U.S. Bank Nat'l Ass'n, N.D. v. Sullivan-Moore*, 406 F.3d 465, 470 (7th Cir. 2005) (quoting *Chambers v. Am. Trans. Air. Inc.*, 17 F.3d 998, 1006 (7th Cir. 1994)). "The decision to grant or deny a motion for Rule 11 sanctions is within the sound judgment of the district court." *Cooney*, 735 F.3d at 523.

### III. Safe Harbor Certification

Rule 11(c)(2) provides that a motion for sanctions must be served on the opposing party, but that it cannot be filed with the court until 21 days have passed from the date of service of the motion. This 21-day window gives the offending party a "safe harbor" within which to withdraw or correct the offending pleading. *See, e.g.*, *Golden v. Helen Sigman & Assocs.*, 611 F.3d 356 (7th Cir. 2010).

The undersigned counsel for the Defendants certifies that on July 31, 2017, a copy of this motion was electronically served upon Alejandro Caffarelli and Lorrie T. Peeters, as counsel for the Plaintiff. That same day, a copy of this motion, accompanied by a letter, was sent to Caffarelli & Associates, Ltd. via Certified Mail.

### IV. Argument

#### A. Mr. Simpson's Claim For Retaliatory Discharge Is Unwarranted And Frivolous Under Existing Illinois Law

While well established in Illinois that an action for retaliatory discharge may be maintained where a plaintiff can demonstrate that he was discharged in retaliation for his activities and the discharge was in contravention of a clearly mandated public policy, the Supreme Court has limited the scope of this tort action, time and time again, to workers compensation claims and 'whistle blower' related charges. *See McGrath v. CCC Info. Servs.,* 314 Ill. App. 3d 431 (2000) (holding that Illinois courts restrict retaliatory discharge to workers' compensation and whistle-blowing claims, and plaintiff's claim was a private grievance not affecting public policy, and there was another adequate remedy for violation of the IWPCA). There is no dispute that this case is neither a workers compensation case nor a "whistle blower" claim. Rather it is a private wage related grievance between an employee and employer that is governed by the IWPCA. Accordingly, Mr. Simpson's claim is not supported under Illinois law.

Mr. Simpson is apparently asking this Court to substantially expand the scope of the tort of retaliatory discharge to cover cases where alleged retaliation by an employer occurs against an employee for the employee's decision to hire legal counsel to pursue a claim. Unfortunately for Mr. Simpson, this Court has already decided that issue. In *Kavanaugh v. KLM Royal Dutch Airlines*, the court held that protecting an at-will employee from discharge whenever he retained an attorney in a dispute over wages was not a result mandated by any public policy. 566 F. Supp. 242 (N.D. Ill 1983); *See also Milazzo v. O'Connell,* 925 F. Supp. 1331, 1346 (N.D. Ill 1996) ("We further find that there are no legal principles that would support the notion that a purely private employment dispute suddenly becomes a matter of 'public policy' merely because the employee has retained counsel."). These cases are supported by the policy that whenever a private dispute between an employer and an at-will employee threatens to culminate in the employee's discharge, the employee, simply by retaining an attorney and threatening to

3

sue, could procure that which is unavailable to him through contract – employment security. *Id.*

The Defendants in this case closely resemble KLM's position in the *Kavanaugh* case: "inherent in the employment at-will relationship is an understanding that the organization and its managers function more effectively in an atmosphere of trust and cooperation; when this harmony is destroyed, regardless of who is at fault, it is in the interest of all concerned to terminate their relationship. The rule advocated in the complaint ironically would penalize the company for discharging an at-will employee when the employment relationship has completely soured." *Id.* at 244. It was within the Defendants' right and discretion to terminate Mr. Simpson for a variety of reasons, including but not limited to hiring an attorney to interfere with his "completely soured" employment relationship. *Id.*

It is clearly articulated in *McGrath v. CCC Info. Servs.,* and its progeny, that common law retaliatory discharge is strictly limited to workers compensation and "whistle blower" claims in Illinois. The Plaintiff has not set forth any reason(s) why this case should be treated or viewed any differently. Moreover, this Court has clearly denied previous requests to expand the scope of retaliatory discharge to cover cases where retaliation by an employer occurs against an employee for hiring legal counsel to pursue a claim. *See Kavanaugh*, 566 F. Supp. 242 (N.D. Ill 1983).To that end, Count IV is frivolous and explicitly contradicted, baseless and unsupported by existing law.

**IV.	Conclusion**

WHEREFORE, the Defendants seek entry of an order sanctioning Mr. Simpson and/or his attorneys in a manner consistent with this motion, and any other relief this Court deems just and proper.

Respectfully submitted this 20th day of August.

4

Respectfully Submitted,

/s/ Vivek Jayaram

Vivek Jayaram, Esq.
Jayaram Law Group
125 S. Clark Street
17th Floor
Chicago, IL 60603
vivek@jayaramlaw.com
T: 646.325.9855
Counsel for the Defendants